UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHIGAN DESSERT CORP.,
a Michigan corporation,

      Plaintiff,

v.                                     Case No. 06-15726

BALDWIN RICHARDSON FOODS, INC.,      HONORABLE AVERN COHN
an Illinois corporation,

      Defendant.

_____/

## MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS[1] AND DISMISSING CASE

I.

This is a contract case. Plaintiff Michigan Dessert Corporation ("Michigan

Dessert"), a Michigan food product supply company, is suing Defendant Baldwin

Richardson Foods Co. ("Baldwin") for breach of contract, intentional interference with

business relationship and defamation. As will be explained, Baldwin first sued Michigan

Dessert over their relationship in a case which is pending in United States District Court

for the Northern District of Illinois.

Before the Court is Baldwin's motion to dismiss. As will also be explained, the

Court stayed ruling on Baldwin's motion pending a decision on motions pending in the

Northern District of Illinois. Those motions have now been decided and Baldwin

---

[1]The Court finds that oral argument on this motion is not necessary. See E.D.
Mich. LR 7.1(e)(2).

requests a ruling on its motion to dismiss.

For the reasons that follow, the motion is GRANTED on the grounds that Michigan Dessert's claims are compulsory counterclaims which must be brought in case in the Northern District of Illinois. This case is DISMISSED.

II.

A.

Michigan Dessert is a Michigan corporation that manufactures and produces components to be used in food products for sale.

In March 2006, Michigan Dessert discussed the formulation of an apple pie sauce with TGI Friday's ("Friday's") restaurant chain, owned by Carlson Restaurants Worldwide ("CRWW"), in Dallas, Texas.

By April of 2006, Friday's agreed to purchase the sauce and identified a company which Michigan Dessert would send its mix for final blending before it was sent to the restaurants themselves - that company was Baldwin. All critical negotiations regarding contract terms occurred between Michigan Dessert and Friday's.

In May 2006, Baldwin sent an email to Michigan Dessert attaching a purchase order and boilerplate additional terms that contained a forum selection clause. Michigan Dessert sent Baldwin a purchase order receipt confirmation stating that "some customers have been attaching a list of revised or additional terms to their purchase orders that we do not automatically accept."

In June 2006, Baldwin received its first shipment of the product from Michigan Dessert and notified it that it had found debris and contamination in the product. Michigan Dessert sent Baldwin a second shipment which also contained debris.

2

Baldwin refused to pay for the product and informed Friday's that there were problems with Michigan Dessert's product and/or packaging. As a result, Friday's terminated its orders with Michigan Dessert.

B.

On November 13, 2006, Baldwin sued Michigan Dessert in Illinois state court for breach of contract, breach of the express warranties, and breach of the implied warranties of merchantability and fitness for a particular purpose.

On December 12, 2006, Michigan Dessert removed the case to federal court for the Northern District of Illinois on the grounds of complete diversity and claimed that the amount in controversy exceeded $75,000 (this case will be referred to as "the Illinois action").

On December 18, 2006, Michigan Dessert filed a motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer venue to the Eastern District of Michigan in the Illinois action. On January 10, 2007, Baldwin filed a motion to remand in the Illinois action.

Two weeks after removing the Illinois action, Michigan Dessert filed this case on December 26, 2006. Michigan Dessert claims breach of contract, intentional interference with business relationship and defamation.

On January 25, 2007, Baldwin filed the instant motion to dismiss.

On March 15, 2007, the Court entered a Memorandum and Order Staying Defendant's Motion to Dismiss ("the March 15, 2007 Memorandum and Order"). The Court explained:

> Both parties have spent a good deal of time litigating the motion. The problem

3

which neither party appears to appreciate is the fact that there is a prior action pending between them in the Northern District of Illinois. Indeed, the Court is constrained to observe that Michigan Dessert's complaint appears to be an attempt at forum shopping after Baldwin won the race to the courthouse by filing first in Illinois. Although Baldwin has presented some persuasive arguments in support of dismissal, the better course is to wait for the district court in Illinois to rule on the parties' pending motions and then see what becomes of the case here. The parties shall promptly advise the Court of the Illinois district court's decision on their pending motions.

On March 27, 2007, the district court in the Illinois action denied Baldwin's motion to remand. On September 26, 2007, the district court denied Michigan Dessert's motion to dismiss or to transfer.

On October 2, 2007, Baldwin filed a Supplement to Motion to Dismiss, informing the Court of the decisions in the Illinois action and requesting a ruling on its motion to dismiss. For reasons that are not understood, the parties indicated they cannot reach an agreement as to the disposition of this case. Thus, the Court must deal with Baldwin's motion.

### III

### A.

Baldwin argues that the complaint must be dismissed because (1) it raises compulsory counterclaims that must be raised in the pending Illinois action, (2) personal jurisdiction is lacking, (3) the complaint fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), or (4) the complaint fails to satisfy the jurisdictional requirement because the amount in controversy is not met.

In the March 15, 2007 Memorandum and Order, the Court expressed its view as to each of these arguments. The Court found that (1) the compulsory counterclaim argument was not ripe for review because Michigan Dessert has not yet filed a pleading

4

in the Illinois action, (2) the Court had personal jurisdiction over Baldwin, (3) the economic loss doctrine does not bar Michigan Dessert's tort claims, (4) Michigan Dessert had not stated a claim for intentional infliction of emotional distress or defamation, (5) the complaint could be subject to dismissal for lack of subject matter jurisdiction for failure to meet the amount in controversy requirement given that Michigan Dessert failed to state a claim for intentional infliction of emotional distress or defamation.

Now that the district court in the Illinois action has denied Baldwin's motion to remand and Michigan Dessert's motion to dismiss or transfer venue, the appropriate course is for the Court to consider only whether Michigan Dessert's complaint raises compulsory counterclaims which must be brought in the Illinois action. This argument is considered below.

B.

Fed. R. Civ. P. 13(a) states in relevant part:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Here, it is clear that Michigan Dessert's complaint arises out of the identical facts in the action pending in the Northern and involves the same transaction or occurrence. Namely, the parties business relationship. Therefore, Michigan Dessert's claims are compulsory counterclaims that must be brought in the Illinois action.

Having so concluded, it is not necessary to rule on the remaining grounds asserted in Baldwin's motion. The better course is to dismiss this case and allow Michigan Dessert to assert whatever claims it chooses against Baldwin in the Illinois action. Baldwin can then make whatever arguments it deems appropriate in response to the claims asserted by Michigan Dessert.

SO ORDERED.


　　　　　　　　　　　　　　　　　　　 s/Avern Cohn
　　　　　　　　　　　　　　　　　　 AVERN COHN
　　　　　　　　　　　　　　　　　　 UNITED STATES DISTRICT JUDGE


Dated: October 25, 2007


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 25, 2007, by electronic and/or ordinary mail.


　　　　　　　　　　　　　　　　　　　 s/Julie Owens
　　　　　　　　　　　　　　　　　　 Case Manager, (313) 234-5160